IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.7:14-CV-00157-D

| | |
|---|---|
| CTB, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>HOG SLAT, INCORPORATED<br><br>      Defendant. | **ANSWER TO COUNTERCLAIMS** |

Plaintiff CTB, Inc. ("Plaintiff" or "CTB"), by its undersigned attorneys, as and for its Answer in response to the Answer, Counterclaims and Jury Demand of Defendant, Hog Slat, Incorporated ("Defendant" or "HOG SLAT"):

### The Parties

1. Admitted.

2. Admitted.

### Jurisdiction and Venue

3. CTB admits that Hog Slat purports to assert counterclaims for declaratory judgment that CTB's Trademark Registration Nos. 4,116,988 and 4,290,371 are invalid and should be canceled under the Declaratory Judgment Act and Lanham Act. The second sentence of Paragraph 3 is nonsensical, as it references "CTB's counterclaims." Accordingly, CTB denies the allegations contained in the second sentence of Paragraph 3.

4. The allegations in Paragraph 4 constitute legal conclusions for which no answer is required. Answering further, CTB does not contest the Court's subject matter jurisdiction.

1

5. The allegations in Paragraph 5 constitute legal conclusions for which no answer is required. Answering further, CTB does not contest the Court's personal jurisdiction over CTB.

6. The allegations in Paragraph 5 constitute legal conclusions for which no answer is required. Answering further, CTB does not contest venue.

**Factual Allegations**

7. CTB admits that it held United States Patent No. 5,092,274 (the "'274 Patent") and that the '274 Patent is a utility patent which generally claims the functional feeding mechanism associated with certain CTB poultry feeders. CTB admits that the '274 Patent expired on or about October 10, 2010. CTB denies the remaining allegations in Paragraph 7.

8. CTB admits that, on or about November 18, 2010, CTB filed U.S. Application Serial No. 85/180,347 (the "'347 Application") with the United States Patent and Trademark Office. CTB further admits that the '347 Application seeks to register the profile of certain of CTB's poultry feeders. CTB denies any remaining allegations in Paragraph 8.

9. CTB admits that the '347 Application included a description of the applied-for configuration that recited a "unique mechanized poultry feeder which includes a pan structure and a grill structure," "a generally octagonal shape as it has two generally vertical sides," "two generally horizontal sides" and "four generally diagonal sides which interconnect the vertical sides to the horizontal sides." CTB further admits that the '347 Application specifies relative internal angles. CTB denies any remaining allegations in Paragraph 9.

10. CTB admits that the USPTO issued an Office Action on March 9, 2011, refusing the '347 Application under 15 U.S.C. § 1052(e)(5), on the grounds that the product configuration depicted and claimed in the application appeared to be a functional design. CTB further admits that the March 9, 2011 Office Action requested further information from CTB, including

"[a]dvertising, promotional and/or explanatory materials concerning the applied-for configuration mark, particularly materials related to the design features embodied in the applied-for mark" and "[a] written explanation…as to whether there are alternative designs available for the feature(s) embodied in the applied-for mark, and whether such alternative designs are equally efficient and/or competitive." CTB denies any remaining allegations in Paragraph 10.

11. CTB admits that it responded to the March 9, 2011 Office Action on September 8, 2011 and that it stated in its response: "Applicant's advertisement does not mention the shape or width of the spokes, and does not claim that the 14 spoke design is a unique or special design that is more effective than grills with a different number of spokes, or any number of other potential spoke or grill designs." CTB further admits that it created literature which contains the language "patented feeder grill design lets young birds exit pans easily" and that that particular advertisement was not included in CTB's response to the March 9, 2011 Office Action. Answering further, CTB's response to the March 9, 2011 Office Action appended a CTB advertisement which contained the substantially identical language: "Chick-friendly 14-spoke grill design lets birds exit pans easily." CTB denies the remaining allegations in Paragraph 11.

12. CTB admits it is aware of United States Patent No. 5,462,017 (the "'017 Patent"), owned by Grain Systems Inc. and that the '017 patent was disclosed in one or more CTB patent applications. CTB further admits that it did not disclose the '017 Patent in its September 8, 2011 Office Action response. CTB denies the remaining allegations in Paragraph 12. Answering further, CTB notes that the mark claimed in the '347 Application is the profile of the feeder, and the mark does not include a claim for any particular number of spokes.

13. CTB admits that it was aware of the Big Dutchman 330 and that it cited a product brochure showing the Big Dutchman 330 in one or more of CTB's patent applications. CTB

3

further admits that it did not include the Big Dutchman 330 in its response to the September 8, 2011 Office Action. CTB denies any remaining allegations in Paragraph 13. Answering further, CTB's sampling of alternative designs submitted to the USPTO was not, and could not reasonably be, exhaustive, and did not intentionally exclude any feeder, including the Big Dutchman 330 feeder. The profile of the Big Dutchman 330 feeder, specifically, did not resemble the claimed trade dress in any way, making that feeder, in CTB's opinion, less relevant to the UPSTO's determination of registrability than other alternative feeder designs.

14. CTB admits that the USPTO issued United States Trademark Registration No. 4,116,988 (the "'988 Registration") on March 27, 2012. CTB denies the remaining allegations in Paragraph 14.

15. Denied.

16. CTB admits that the USPTO issued the '988 Registration on March 27, 2012. CTB denies the remaining allegations in Paragraph 16.

17. Denied.

18. CTB admits that it filed U.S. Application Serial No. 85/180,324 (the "'324 Application") with the USPTO on November 18, 2010 seeking to register as a trademark the profile of certain of CTB's poultry feeders. CTB further admits that the '324 Application claimed the colors red and gray. CTB denies any remaining allegations in Paragraph 18.

19. CTB admits that the USPTO issued an Office Action refusing the '324 Application on the grounds that the claimed product configuration was functional. CTB further admits that it amended the '324 Application on September 8, 2011 to claim only "the color combination of red and gray for use with poultry feeders." CTB admits that it stated in its

4

September 8, 2011 Office Action response that "the color combination of red and gray for poultry feeders is non-functional."

20. CTB admits that on November 7, 2011, the USPTO issued an Office Action refusing the '324 Application on the grounds that the claimed colors were not inherently distinctive and requiring CTB to "establish that the purchasing public has come to view the proposed mark…as an indicator of origin." CTB further admits that the November 7, 2011 Office Action did not contain a refusal on the grounds of functionality. CTB denies any remaining allegations in Paragraph 20.

21. CTB admits that it amended the '324 Application to seek registration on the Supplemental Register and that, as part of its response, CTB stated: "Since the proposed color mark is not functional, it is registrable on the Principal Register." CTB denies the remaining allegations in Paragraph 21.

22. CTB admits that it owned United States Patent No. 6,571,732 (the "'732 Patent"), and that the '732 Patent states "it is relatively well known within the agricultural industry that adult turkeys and chickens are attracted to the color red" and "many adult turkey and chicken feeding trays are now colored red in order to entice the adult turkeys and chickens to…find their food." CTB further admits that the '732 Patent contains claims referencing "a plurality of reflective visible particles" which are "preferably metallic flecks or flakes, such as titanium or aluminum." CTB denies the remaining allegations in Paragraph 22. Answering further, CTB notes that the '732 Patent does not assert or acknowledge that the claimed "reflective visible particles," preferably of titanium or aluminum, are in any way "the same or similar to the color gray." Moreover, CTB does not claim as its trade dress either the color red or reflective particles. Instead, CTB claims its distinctive combination of red and gray.

5

201466780.1 35002/151597 Case 7:14-cv-00157-D   Document 16   Filed 10/14/14   Page 5 of 9

23. Denied.

24. CTB admits that United States Trademark Registration No. 4,290,371 (the "'371 Registration") issued on February 12, 2013. CTB denies the remaining allegations in Paragraph 24.

25. Denied. Answering further, to CTB's knowledge, the only company other than CTB using the claimed color combination red and gray in connection with poultry feeders is the Defendant, and only in connection with the particular feeder that is the subject of the present litigation.

## CLAIM I
### (Trademark Cancellation – Registration No. 4,116,988)

26. CTB repeats its answers to Paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## CLAIM II
### (Trademark Cancellation – Registration No. 4,290,371)

37. CTB repeats its answers to Paragraphs 1 through 36, inclusive, as if set forth fully herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

### PRAYER FOR RELIEF

CTB denies that Hog Slat is entitled to any relief.

Dated this 14th day of October, 2014.

Respectfully submitted,

CLARK HILL PLC

David J. Marr (Ill. Bar No. 6194750)
James A. O'Malley (Ill. Bar No. 6270377)
Jennifer Woods (Ill. Bar No. 6304326)
150 North Michigan Avenue
Suite 2700

7

Chicago, Illinois 60601
tel (312) 985-5900
fax (312) 985-5999
dmarr@clarkhill.com
jomalley@clarkhill.com
jwoods@clarkhill.com
Attorneys for Plaintiff, CTB, Inc.

Christopher B. Clare (N.C. Bar No. 39582)
601 Pennsylvania Avenue NW
North Building, Suite 1000
Washington, D.C. 20004
tel (202) 572-8671
fax (202) 772-0919
cclare@clarkhill.com
Attorney for Plaintiff, CTB, Inc.
Local Civil Rule 83.1 Counsel

## CERTIFICATE OF SERVICE

      I hereby certify that on October 14, 2014, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record who are registered participants of the Court's CM/ECF system.

                                             */s/ Christopher B. Clare*