IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:14-CV-157-D

| | |
|---|---|
| CTB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) HOG SLAT, INC.'S [PROPOSED] |
| v. | ) REPLY TO CTB, INC.'S |
| | ) OPPOSITION TO MOTION FOR |
| HOG SLAT, INCORPORATED | ) SPOLIATION SANCTIONS |
| | ) |
| Defendant. | ) |

Defendant Hog Slat, Inc. ("Hog Slat"), by counsel, objects to CTB, Inc.'s ("CTB") Opposition to Hog Slat's Motion for Spoliation Sanctions ("Opposition"), and respectfully submits this Reply.

## ARGUMENT

CTB's Opposition includes multiple misstatements of fact that compel Hog Slat to submit this short Reply. For brevity's sake, only two misstatements will be addressed. First, CTB contends it had "no obligation under the law to provide the Trademark Office with competitor advertising." (Opposition at 6.) It did. Second, CTB claims that Hog Slat was incorrect when it "suggest[ed] *all* of the raw data underlying Ms. Harper's 2013 acquired distinctiveness (or secondary meaning) survey had been deleted." (*Id.* (emphasis in original).) It was, or at least Harper testified what remained could not be used.

A. **The Trademark Office Specifically Requested "Documentation Concerning Similar Designs Used by Competitors."**

The Opposition focuses solely on the second *Morton-Norwich* factor regarding "advertising *by the applicant*." (Opposition at 5 (emphasis added).) The Opposition ignores, however, the third *Morton-Norwich* factor regarding the "availability of alternative designs."

1

(Opposition Ex. 4 – March 9, 2011 Office Action, at 2.) In fact, in order to best evaluate the availability of alternative designs, the Examining Attorney specifically required CTB to "provide a written explanation and any documentation concerning *similar designs used by competitors*." (*Id.* at 5 (emphasis added).) Accordingly, contrary to the Opposition, CTB most certainly had an obligation under the law to provide such evidence to the Trademark Office. *See* 37 C.F.R. § 2.61(b); *see also In re AOP LLC*, 107 U.S.P.Q.2d 1644, 1651 (T.T.A.B. 2013) ("Failure to comply with a request for information is grounds for refusal.").

To that end, CTB collected "sample competitive advertisements" in early 2011 evidencing "similar designs used by competitors" for use in responding to the Office Action. (*See* Hog Slat's Motion for Spoliation Sanctions at 4-5.) CTB provided those advertisements to counsel. (*Id.*) Those advertisements were not, however, provided to the Examining Attorney. (*Id.*) Not only that, but the advertisements were not preserved and there is not even a record of what advertisements were originally collected. (*Id.*) This evidence goes to the heart of Hog Slat's functionality and fraud defenses, and CTB's willful failure to preserve this evidence, despite anticipating the instant litigation at the time,[1] justifies an adverse inference as to the content of those competitor advertisements.

### B. *All* of the Underlying 2013 Survey Data Was Deleted.

Hog Slat has not played any kind of "disingenuous word games" with the testimony of Ms. Harper. (Opposition at 6.) As previously alleged, the raw data from the 2013 Survey was, in fact, deleted. (*See* Hog Slat's Motion for Spoliation Sanctions at 5.) All that is available now are *portions* of the underlying raw data that Ms. Harper previously *manipulated*. Indeed, Ms.

---

[1] CTB does not contest that litigation was anticipated as early as February 2011. In fact, CTB's pending Motion to Quash admits that "litigation was clearly contemplated at the time of the prosecution of the two (2) trade dress applications" filed in October 2010. (Dkt. 41 at ¶ 4.)

2

Harper explicitly admitted as much in her deposition: "I will stipulate I don't have the raw [2013 Survey] data – we've known that from the time you asked for it – that the data that's in [Deposition Ex. 4] is ***not full and complete, it's not even in some cases accurate because I was manipulating it***." (Harper Deposition at p. 154, lines 1-5 (*see* full condensed transcript of Harper deposition submitted by Hog Slat on 12 November 2015) (emphasis added); *see also* p. 152, lines 15-21 ("I said ***I do not have the actual raw data***, this data [in Dep. Ex. 4] has been manipulated . . . I can't put a lot of credence in [Dep. Ex. 4]." (emphasis added).)

By Ms. Harper's own admission, the partial data provided to Hog Slat is incomplete, has been "manipulated," and is entitled to little "credence." (*Id.*) Thus, Hog Slat is prejudiced because CTB and Harper claim the remaining data cannot be used and the raw data no longer exists. The underlying raw data no longer exists because it was not preserved – despite being collected in 2013, long after litigation had been anticipated.[2] Consequently, it is impossible for Hog Slat to utilize the raw data to independently verify the veracity of Ms. Harper's conclusions – conclusions based on the full underlying data set. Accordingly, given the foreseeability of the present litigation when collected, CTB's knowledge of the data's relevance, and the underlying data's original availability to Ms. Harper, Hog Slat is entitled to an adverse inference regarding the present unavailability of the data.

## **CONCLUSION**

For the reasons set forth above, and in the pending Motion for Spoliation Sanctions, Hog Slat respectfully requests that this Court enter an Order recommending the imposition of inferences adverse to CTB regarding the documents that were improperly destroyed or not

---

[2] CTB also does not dispute that a litigation hold was not issued until, at least, three months after filing their Complaint, and quite possibly not even until just last month. (*See* Hog Slat's Mem. in Support of its Motion for Spoliation Sanctions, at 2-3.)

preserved, and an award of costs and attorneys' fees to Hog Slat covering additional necessary discovery and bringing this Motion for Spoliation Sanctions.

Respectfully submitted, this 20th day of November, 2015.

> **WILLIAMS MULLEN**
>
> */s/ Robert C. Van Arnam*
> Robert C. Van Arnam
> N.C. State Bar No. 28838
> rvanarnam@williamsmullen.com
> Gilbert C. Laite III
> N.C. State Bar No. 12460
> glaite@williamsmullen.com
> P.O. Box 1000
> Raleigh, NC  27602-1000
> Telephone: (919) 981-4000
> Fax: (919) 981-4300
> *Attorneys for Defendant Hog Slat, Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record below who are registered participants of the Court's CM/ECF system.

                                                    */s/ Robert Van Arnam*
                                                    Robert C. Van Arnam

CLARK HILL PLC

David J. Marr (Ill. Bar No. 6194750)
Timothy McCarthy (Ill. Bar No. 6187163)
Jennifer Woods (Ill. Bar No. 6304326)
150 North Michigan Avenue
Suite 2700
Chicago, Illinois 60601
Telephone: (312) 985-5900
Facsimile:  (312) 985-5999
dmarr@clarkhill.com
TMcCarthy@ClarkHill.com
jwoods@ClarkHill.com

5

Case 7:14-cv-00157-D   Document 52-1   Filed 11/20/15   Page 5 of 5