IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-157-D

| | | |
|---|---|---|
| CTB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HOG SLAT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on three motions to seal: (1) a consent motion by defendant Hog Slat, Inc. ("defendant") (D.E. 37) to maintain under temporary seal its memorandum of law in support of its emergency motion to compel, its memorandum of law in support of its motion for spoliation and sanctions, and attached exhibits to these memoranda; (2) a consent motion by plaintiff CTB, Inc. ("plaintiff") (D.E. 48) to maintain under temporary seal its memorandum of law in opposition to defendant's motion to compel, memorandum of law in opposition to defendant's motion for spoliation sanctions, and the attached exhibits; and (3) defendant's consent motion (D.E. 55) to maintain under temporary seal its memorandum of law in opposition to defendant's motion to quash and attached exhibits. No responses to the motions to seal have been filed, and the time to do so has expired. For the reasons set forth below, the court will allow the motions.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir.

2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the memoranda and exhibits sought to be maintained under temporary seal were filed in connection with a motion to compel, a motion for spoliation sanctions, and a motion to quash, and not in support of any motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, the parties seek the temporary sealing of the aforementioned memoranda and exhibits because they contain confidential, proprietary, and commercially sensitive business and trade secret information produced pursuant to the protective order entered in this case (*see* D.E. 21). The parties contend that sealing the information is needed to preserve its confidentiality. The court agrees that the information is of a confidential nature. *See Doe*, 749 F.3d at 269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of course records."). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motions were filed on 10 November 2015, 17 November 2015, and 23 November 2015, respectively. No opposition to the motions have been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the memoranda and exhibits in question contain confidential information, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motions to maintain documents under temporary seal (D.E. 37, 48, 55) are ALLOWED. The Clerk shall retain the filings at

Docket Entries 33, 36, 44, 46, and 54 under seal in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 22 day of December 2015.

James E. Gates
United States Magistrate Judge