IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:14-CV-00157-FL

| | |
|---|---|
| CTB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOG SLAT, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HOG SLAT INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR DISALLOWANCE OF COSTS**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and this Court's Local Civil Rule 54.1, Defendant Hog Slat, Inc. ("Hog Slat") respectfully submits this brief in opposition to Plaintiff's Motion for Disallowance of and Objection to Defendant's Bill of Costs (Dkt. Nos. 180 and 181) and in further support of its Motion for Costs and Bill of Costs (Dkt. No. 177), filed pursuant to 28 U.S.C. § 1920.

Hog Slat prevailed in this six-year long case where Plaintiff CTB, Inc. ("CTB") asserted invalid trade dress to improperly extend its monopoly patent rights. Although it expended a significant amount in fees and costs to defend this improper action, Hog Slat's Motion reasonably sought only a modest amount of recoverable costs. CTB does not dispute that Defendant is the prevailing party in this case and is entitled to at least $5,579.71 in taxable costs. CTB argues that $4,862.19 of Defendant's costs should not be allowed and hopes that this Court will simply "split

1

the baby." For the reasons set forth below, Defendant requests that the Clerk overrule the Plaintiff's objections and award Defendants $10,168.34 in costs.[1]

## ARGUMENT

Federal Rule of Civil Procedure 54(d)(1) governs a post-judgment motion for an award of costs, providing that "costs—other than attorney's fees—should be allowed to the prevailing party." Federal courts may assess only those taxable costs listed in 28 U.S.C. § 1920, which include: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. Local Civil Rule 54.1 further defines the costs to include those identified on the bill of costs form, premiums on required bonds, attendance allowances for necessary witnesses at actual costs up to the applicable statutory rates, and one copy of trial transcripts. L.R. 54.1(c)(1).

In its memorandum, CTB provided a chart detailing its point by point argument why the costs identified by Hog Slat are not recoverable. For ease, Hog Slat incorporates that chart below in order to respond to CTB's arguments. In some cases, Hog Slat has agreed to withdraw its request to recover costs.

---

[1] As will be further noted, Defendant corrects and withdraws several items including but not limited to reduction of witness fees and costs related to postage of deposition transcripts that were incurred in the amount of $453.56 which were necessary to defend this matter. The original Bill of Costs seeking $10,621.90 is thereby reduced to $10,168.34.

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $106.49 for photocopies by Nova Office Strategies (9/1/2015) | The supporting documents lack sufficient identification and explanation of these costs, including why they would be recoverable. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **According to the Application for Costs Guidelines, this NOVA Office Strategies invoice provides the information required under the rules: the document copied, number of pages in the document, the number of copies made, the per page rate; and total cost.** <br><br> **This cost was necessary to convert large, oversize maps relevant to discovery into electronic form that could be produced and used in depositions, etc.** |
| $80.00 of $143.92 invoice for Deposition of Robert Cissel (10/13/2015) | $80.00 of these costs are listed by Hog Slat as covering two days of testimony. However, the supporting documents do not include a line item identifying these costs. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **Mr. Cissel testified for only 1 (one) day and Hog Slat erred in stating that he had testified for two days. The Cissel invoice does not specifically state a line item regarding $40.00/day – however it does clearly show where and when his deposition took place and that he was paid his standard fee (well in excess of $40.00). Hog Slat is only seeking $40.00 for this cost which is the statutory appearance fee amount allowed under Witness Fees, 28 U.S.C.§ 1920(3).** |

| **Costs Sought** | **Plaintiff's Basis for Denying Costs** | **Defendant's Response** |
|---|---|---|
| $121.25 for search fees by MicroPatent – Thomson File Histories (10/14/2015) | The supporting documents lack sufficient identification and explanation of these costs, including why they would be recoverable. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **This invoice correctly reflects that Hog Slat was required to obtain the File Wrappers for each of the two CTB Registrations from the United States Patent and Trademark Office as they were not available electronically. This retrieval of the file wrappers was necessary so that Hog Slat could investigate the file history in support of its defenses and Fraud on the Trademark Office Counterclaims, thus making it taxable under the category of Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case, 28 U.S.C.§ 1920(4).** |
| $40.00 for Deposition of Carmen Parkhurst (11/4/2015) | The supporting documents do not include a line item identifying these costs. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **The Parkhurst invoice does not specifically state a line item regarding $40.00/day – however it does clearly show where and when her deposition took place and that she was paid her standard fee (well in excess of $40.00). Hog Slat is only seeking $40.00 for this cost which is the statutory appearance fee amount allowed under Witness Fees, 28 U.S.C.§ 1920(3).** |

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $101.02 of $256.00 invoice from Jensen Litigation Services (11/5/2015) | $101.02 of $256.00 invoice is for a rough transcript ($97.00) and exhibits ($3.50).<br><br>Costs of daily or expedited copy produced solely for the convenience of counsel, absent prior court approval, are not taxable. *See* Local Rule 54.1(c)(2)(C); *see also Fulmore v. United Parcel Service*, 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 18, 2013) (disallowing costs for expedited transcript).<br><br>Copies of deposition exhibits obtained at depositions are not taxable. *See Dutton v. Wal-Mart Stores East, L.P*., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br>**The rough transcript was not for convenience of counsel, but was required to prepare for multiple upcoming depositions to be taken in a short amount of time before the formal transcript became available.**<br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.** |
| $225.00 for court reporter for Huseby, Inc. (11/17/2015) | The Guidelines do not provide for the recovery of cancellation fees, and Hog Slat provides no explanation as to why this would be recoverable. | **A deposition scheduling conflict resulted in cancellation fee. Hog Slat maintains that this court reporter invoice and associated fees regarding the deposition is taxable under 28 U.S.C.§ 1920(2).** |

5

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
| --- | --- | --- |
| $8.00 of $330.50 invoice from Jensen Litigation Services (11/18/2015) | $8.00 of this invoice is for exhibits.<br><br>Copies of deposition exhibits obtained at depositions are not taxable. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**As for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.** |

| | | |
|---|---|---|
| $469.80 of $1,026.55 invoice from Garrett Reporting Services, Inc. (11/18/2015) | $469.80 of this invoice is for: Rough Draft ($355.50), Compressed Transcript ($35.65), Keyword Index ($9.00), Exhibits scanned ($37.00), E-Transcript ($25.00), and Postage and Handling ($7.65). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>a. Costs of daily or expedited copy produced solely for the convenience of counsel, absent prior court approval. *See* Local Civil Rule 54.1(c)(2)(C); *see also Fulmore v. United Parcel Service*, 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 18, 2013) (disallowing costs for expedited transcript).<br><br>e. Court reporter postage, shipping/handling, or delivery charges for a transcript.<br><br>f. Copies of deposition exhibits obtained at depositions. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**The rough transcript and e-transcript were not for convenience of counsel, but required to prepare for multiple upcoming depositions to be taken in a short amount of time before the formal transcript became available.**<br><br>**As for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$35.00 – Compressed Transcript**<br><br>**$9.00 – Keyword Index**<br><br>**$7.65 – Postage & Handling**<br><br>**$51.65 – Total**<br><br>**Hog Slat now claims a new total of <u>$974.90</u> for this transcript.** |

7

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $48.00 of $290.64 invoice from Jensen Litigation Services (11/20/2015) | $48.00 of this invoice is for exhibits.<br><br>Copies of deposition exhibits obtained at depositions are not taxable. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs includes in the transcript record, and are therefore recoverable.** |

| | | |
|---|---|---|
| $805.12 of $1,349.75 invoice from Elite Realtime & Deposition Reporting (12/1/2015) | $805.12 of this invoice is for an extra transcript copy ($394.62), Rough Draft ($307.50), Scanning Exhibits ($73.00), Electronic Transcript ($10.00), and Shipping and Handling ($20.00). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>a. Costs of daily or expedited copy produced solely for the convenience of counsel, absent prior court approval. See Local Civil Rule 54.1(c)(2)(C); see also Fulmore v. United Parcel Service, 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 18, 2013) (disallowing costs for expedited transcript).<br><br>e. Court reporter postage, shipping/ handling, or delivery charges for a transcript.<br><br>f. Copies of deposition exhibits obtained at depositions. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Hog Slat further provides that the rough transcript and e-transcript were not for convenience of counsel, but required to prepare for multiple upcoming depositions to be taken in a short amount of time before the formal transcript became available.**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$20.00 – Postage & Handling**<br><br>**Hog Slat now seeks a new total of $1,329.75 for this transcript.** |

9

| $1,207.35 of $1,938.70 invoice from Elite Realtime & Deposition Reporting (12/1/2015) | $1,207.35 of this invoice is for an extra transcript copy ($581.35), Rough Draft ($453.00), Scanning Exhibits ($143.00), Electronic Transcript ($10.00), and Shipping and Handling ($20.00). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>a. Costs of daily or expedited copy produced solely for the convenience of counsel, absent prior court approval. *See* Local Civil Rule 54.1(c)(2)(C); *see also Fulmore v. United Parcel Service*, 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 18, 2013) (disallowing costs for expedited transcript).<br><br>e. Court reporter postage, shipping/ handling, or delivery charges for a transcript.<br><br>f. Copies of deposition exhibits obtained at depositions. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Hog Slat further provides that the rough transcript and e-transcript were not for convenience of counsel, but required to prepare for multiple upcoming depositions to be taken in a short amount of time before the formal transcript became available.**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$20.00 – Postage & Handling**<br><br>**Hog Slat now seeks a new total of $1,918.70 for this transcript.** |

| | | |
|---|---|---|
| $611.15 of $1,065.30 invoice from Elite Realtime & Deposition Reporting (12/1/2015) | $611.15 of this invoice is for an extra transcript copy ($304.15), Rough Draft ($237.00), Scanning Exhibits ($40.00), Electronic Transcript ($10.00), and Shipping and Handling ($20.00). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>a. Costs of daily or expedited copy produced solely for the convenience of counsel, absent prior court approval. *See* Local Civil Rule 54.1(c)(2)(C); see also Fulmore v. United Parcel Service, 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov.18, 2013) (disallowing costs for expedited transcript).<br><br>e.  Court reporter postage, shipping/ handling, or delivery charges for a transcript.<br>f.  Copies of deposition exhibits obtained at depositions. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Hog Slat further provides that the rough transcript and e-transcript were not for convenience of counsel, but required to prepare for multiple upcoming depositions to be taken in a short amount of time before the formal transcript became available.**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$20.00 – Postage & Handling**<br><br>**Hog Slat now seeks a new total of <u>$1,045.30</u> for this transcript.** |

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $130.00 of $4969.40 invoice from Planet Depos, LLC (1/21/2016) | $130.00 of this invoice is for Exhibits ($35.00) and a LEF File ($95.00). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>b. ASCII diskettes for copies of deposition transcripts. *See Boykin Anchor Co., Inc. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2014 WL 4798726, at *2 (E.D.N.C. Sept. 26, 2014) (disallowing costs for ASCII diskettes).<br><br>f. Copies of deposition exhibits obtained at depositions. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$95.00 – LEF File**<br><br>**Hog Slat now seeks a new total of <u>$4,874.40</u> for this transcript.** |

12

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $127.90 of $573.15 invoice from Planet Depos, LLC (2/3/2016) | $127.90 of this invoice is for Exhibits ($32.90) and a LEF File ($95.00). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>b. ASCII diskettes for copies of deposition transcripts. *See Boykin Anchor Co., Inc. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2014 WL 4798726, at \*2 (E.D.N.C. Sept. 26, 2014) (disallowing costs for ASCII diskettes).<br><br>f. Copies of deposition exhibits obtained at depositions. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at \*2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$95.00 – LEF File**<br><br>**Hog Slat now seeks a new total of <u>$478.15</u> for this transcript.** |

13

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $152.40 of $730.90 invoice from Planet Depos, LLC (2/3/2016) | $152.40 of this invoice is for Exhibits ($57.40) and a LEF File ($95.00). These costs should be denied because the following costs are not taxable as set forth in pp. 11-12 of the Guidelines:<br><br>b. ASCII diskettes for copies of deposition transcripts. *See Boykin Anchor Co., Inc. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2014 WL 4798726, at *2 (E.D.N.C. Sept. 26, 2014) (disallowing costs for ASCII diskettes).<br>f. Copies of deposition exhibits obtained at depositions. *See Dutton v. Wal-Mart Stores East, L.P.*, No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. §1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). | **This court reporter invoice and associated fees regarding the production of a deposition transcript and exhibits is taxable under 28 U.S.C.§ 1920(2).**<br><br>**Additionally, as for the exhibits, the court reporter took the formal, stamped copies of the exhibits to include in the transcript record, thus these costs are not for "copies received at the deposition," but were necessary costs to include the exhibits in the transcript record, and are therefore recoverable.**<br><br>**Hog Slat will agree to the reduction/removal of the following:**<br><br>**$95.00 – LEF File**<br><br>**Hog Slat now seeks a new total of $635.90 for this transcript.** |

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $103.60 for eScribers, LLC (4/18/2016) | It is unclear what these costs represent. They are listed as a "Filing Fee 4/11/2016 Vendor", but the invoice indicates it is for "Transcription." There is no further explanation. Absent additional information, these costs should be denied. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **The transcription invoice and associated fees regarding the production of a hearing transcript is taxable either under 28 U.S.C.§ 1920(2) or 28 U.S.C.§ 1920(4).** **The invoice is for a transcript of the February 3, 2016 hearing, and was necessary for use in, at least, Hog Slat's Memorandum of Law in Support of its Motion for Show Cause Order regarding CTB's Failure to comply with the Court's March 23, 2016 Order. (*See* D.E. 104 at 2 (citing transcript).)** **\*Note: This entry for $103.60 and the entry below for $362.00 are one invoice for $465.60.** |

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $362.00 for eScribers, LLC (4/18/2016) | It is unclear what these costs represent. They are listed by Hog Slat as a "Filing Fee 4/7/2016 Vendor", but the invoice indicates it is for "Transcription." There is no further explanation. Absent additional information, these costs should be denied. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **The transcription invoice and associated fees regarding the production of a hearing transcript is taxable either under 28 U.S.C.§ 1920(2) or 28 U.S.C.§ 1920(4).**<br><br>**The invoice is for a transcript of the February 3, 2016 hearing, and was necessary for use in, at least, Hog Slat's Memorandum of Law in Support of its Motion for Show Cause Order regarding CTB's Failure to comply with the Court's March 23, 2016 Order. (*See* D.E. 104 at 2 (citing transcript).)**<br><br>**\*Note: This entry for $362.00 and the entry above for $103.60 are one invoice for $465.60.**<br><br>**Hog Slat seeks the total $465.60 for the combination of this and the immediately preceding entries.** |

| Costs Sought | Plaintiff's Basis for Denying Costs | Defendant's Response |
|---|---|---|
| $16.91 for Discover-e LLC, DBA Novitas Data (1/19/2017) | It is unclear what these costs represent. They are listed by Hog Slat as "Vendor-Photocopies", but the invoice indicates it is for "Unitization (per page)." There is no further explanation. Absent additional information, these costs should be denied. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **Hog Slat agrees to withdraw this cost for the total amount of $16.91.** |
| $30.60 for Margaret Kruse (1/19/2017) | These costs appear to be related to obtaining a transcript from the U.S. District Court for the Eastern District of Arkansas. The supporting documents lack sufficient identification and explanation of these costs, including why they would be recoverable. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **The transcription invoice and associated fees regarding the production of a hearing transcript is taxable either under 28 U.S.C.§ 1920(2) or 28 U.S.C.§ 1920(4).**<br><br>**The invoice is for the transcript of the October 24, 2016 motion hearing before Judge Dever regarding the Motions for Spoliation and to Show Cause and attorney's fees. The Court used a reporter in E.D. Ark, but the proceeding was related to this case and is recoverable.** |

| **Costs Sought** | **Plaintiff's Basis for Denying Costs** | **Defendant's Response** |
|---|---|---|
| $53.63 for Capital Discovery LLC (10/29/2018) | These costs appear to be for blowbacks from images and velo binding. The supporting documents lack sufficient identification and explanation of these costs, including why they would be recoverable. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **The cost of this invoice is taxable either under Fed. R. App. P. 39 regarding Costs on Appeal and is related to the printing costs associated with paper copies required for delivery to 4th Circuit in response to CTB's appeal, and thus recoverable.** |
| $61.97 for Capital Discovery LLC (9/30/2019) | These costs appear to be for blowbacks from images and velo binding. The supporting documents lack sufficient identification and explanation of these costs, including why they would be recoverable. *See* Guidelines, p. 8 n.2 (explaining that the lack of supporting documentation "will result in a denial of any unexplained costs"). | **The cost of this invoice is taxable either under Fed. R. App. P. 39 regarding Costs on Appeal and is related to the *production of additional copies of Appellee brief delivered to 4th Circuit Court of Appeals to facilitate the oral argument requested by CTB, and thus recoverable.** |

## CONCLUSION

Defendant respectfully requests that the Court award them $10,168.34 for the taxable costs necessarily incurred in defense of this action.

Dated: May 8, 2020

Respectfully submitted,

**WILLIAMS MULLEN**

<u>*/s/ Robert C. Van Arnam*</u>
Robert C. Van Arnam (N.C. Bar No. 28838)
Andrew R. Shores (N.C. Bar No. 46600)
P.O. Box 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Counsel for Defendant Hog Slat, Incorporated*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that on May 8, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of electronic filing to the following counsel of record for the Plaintiff:

| | |
|---|---|
| David J. Marr (Ill. Bar No. 6194750)<br>Eric Dorkin (Ill. Bar No. 6256390)<br>CLARK HILL PLLC<br>130 E. Randolph Street, Suite 3900<br>Chicago, Illinois 60601<br>dmarr@clarkhill.com<br>edorkin@clarkhill.com | Christopher B. Clare (NC Bar No. 39582)<br>601 Pennsylvania Avenue NW<br>North Building, Suite 1000<br>Washington, D.C. 20004<br>cclare@clarkhill.com<br>Local Civil Rule 83.1 Counsel |

**WILLIAMS MULLEN**

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam (N.C. Bar No. 28838)
Andrew R. Shores (N.C. Bar No. 46600)
P.O. Box 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Counsel for Defendant Hog Slat, Incorporated*