IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:14-CV-00157-FL

| | |
|---|---|
| CTB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOG SLAT, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HOG SLAT INC.'S MOTION TO CANCEL PLAINTIFF CTB, INC.'S FUNCTIONAL AND INVALID TRADE DRESS REGISTRATIONS**

Pursuant to 15 U.S.C. § 1119 and Local Rule 7.1, Defendant Hog Slat, Inc. ("Hog Slat"), through counsel, respectfully moves this Court to direct the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration Nos. 4,116,988 and 4,290,371 (the "Registrations"), which embody Plaintiff CTB, Inc.'s ("CTB") asserted product configuration trade dress and color trade dress, respectively, that have been found by this Court and the Fourth Circuit Court of Appeals to be functional and invalid as a matter of law. Hog Slat additionally seeks its reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 1927 stemming from CTB's refusal to consent to the requested relief thereby needlessly multiplying the proceedings and necessitating litigation of an "unnecessary side issue."

In support of this Motion, Hog Slat incorporates by reference its Memorandum of Law filed concurrently herewith, and states as follows:

1

1.      CTB filed suit against Hog Slat on July 30, 2014, alleging among other things that Hog Slat's Grower Select® poultry feeders infringed both the product configuration trade dress and the color trade dress embodied in the Registrations. (D.E. 3.)

2.      Hog Slat Answered CTB's Complaint and asserted, among other things, defenses that the asserted trade dress was invalid and counterclaims for cancellation of the Registrations on functionality grounds. (D.E. 12.)

3.      Following discovery, Hog Slat moved for summary judgment arguing among other things that CTB's asserted product configuration trade dress and color trade dress, embodied in the Registrations, were each directed to functional features and therefore invalid and unenforceable as a matter of law. (D.E. 118.) The Motion included a request to cancel the Registrations in view of their invalidity. (*Id.* at ¶ 7.)

4.      On August 23, 2018, after complete briefing on the functionality issues, this Court granted Hog Slat's motion for summary judgment and entered judgment in favor of Hog Slat and against CTB, Inc., finding that the asserted trade dress was functional, invalid and unenforceable. (D.E. 167 (opinion) & 168 (Judgment).) The Court did not address Hog Slat's request to cancel the Registrations before CTB filed its Notice of Appeal. (D.E. 169.)

5.      The Parties briefed the functionality issues that formed the basis of this Court's summary judgment award to the U.S. Court of Appeals for the Fourth Circuit, which also heard oral argument regarding the same. In a unanimous opinion, the Fourth Circuit panel affirmed this Court's summary judgment decision. *CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 665 (4th Cir. 2020) ("the total feeder profile is functional and ineligible for trade dress protection"); *id.* at 669-

70 ("no factual dispute that the combination of the red pan and gray spokes is primarily functional, and that Plaintiff may not assert the Color Trade Dress").)[1]

6. The Fourth Circuit issued its mandate affirming the summary judgment order on April 20, 2020. (D.E. 174.)

7. A district court may "order cancelation of registrations . . . when necessary to rectify the register with respect to the registration of any party to [an] action." 15 U.S.C. § 1119; *see also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 155 (2015) ("district courts can cancel registrations during infringement litigation, just as they can adjudicate infringement in suits seeking judicial review of registration decisions"); *Synergistric Intern., LLC v. Korman*, 470 F.3d 162, 169 n.8, 176 (4th Cir. 2006) (affirming District Court's cancellation of infringing trademark registration pursuant to 15 U.S.C. § 1119).

8. Cancellation of trade dress registrations where the trade dress embodied therein is functional and invalid is appropriate. *Id.*; *see also* 15 U.S.C. § 1052(e) (registration improper where mark "comprises any matter that, as a whole, is functional"); *id.* § 1064(3) (cancellation appropriate "at any time" if mark is "functional").

9. Counsel for Hog Slat sought consent to this Motion and the relief requested, particularly because there is no basis for CTB to maintain its registrations or to require further litigation on these issues. Counsel for CTB refused to consent or concur in the relief sought, thereby necessitating briefing and multiplying these proceedings.

10. Hog Slat therefore also seeks its reasonable costs and attorneys' fees stemming from CTB's refusal to consent to this Motion where CTB has no basis for withholding the requested relief. 28 U.S.C. § 1927; *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th

---

[1] Fourth Circuit opinion also available at D.E. 173.

Cir. 2018) (affirming District Court's sanctions award under § 1927 where "needless side issue" had to be litigated).

**WHEREFORE**, in view of this Court's determination that the asserted trade dress embodied in the Registrations is functional and invalid, the Fourth Circuit's affirmance of that determination, Hog Slat's counterclaims for cancellation and request for the same in its Motion for Summary Judgment, and for the reasons set forth in Hog Slat's accompanying Memorandum of Law, Hog Slat respectfully requests that this Court cancel U.S. Trademark Registration Nos. 4,116,988 and 4,290,371 pursuant to 15 U.S.C. § 1119, certify its order to the Director of the U.S. Patent and Trademark Office so that the registers may be so corrected, award Hog Slat its reasonable costs and attorneys' fees incurred by CTB's unreasonable refusal to consent to the requested relief, and grant any such further relief the Court deems just and proper.

Dated: May 13, 2020

Respectfully submitted,

**WILLIAMS MULLEN**

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam (N.C. Bar No. 28838)
Andrew R. Shores (N.C. Bar No. 46600)
P.O. Box 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Counsel for Defendant Hog Slat, Incorporated*

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of electronic filing to the following counsel of record for the Plaintiff:

| | |
|---|---|
| David J. Marr (Ill. Bar No. 6194750)<br>Eric Dorkin (Ill. Bar No. 6256390)<br>CLARK HILL PLLC<br>130 E. Randolph Street, Suite 3900<br>Chicago, Illinois 60601<br>dmarr@clarkhill.com<br>edorkin@clarkhill.com | Christopher B. Clare (NC Bar No. 39582)<br>601 Pennsylvania Avenue NW<br>North Building, Suite 1000<br>Washington, D.C. 20004<br>cclare@clarkhill.com<br>Local Civil Rule 83.1 Counsel |

*Counsel for Plaintiff CTB Inc.*

**WILLIAMS MULLEN**

By: */s/ Andrew R. Shores*
Robert C. Van Arnam
N.C. State Bar No. 28838
Andrew R. Shores
N.C. State Bar No. 46600
P.O. Box 1000
Raleigh, NC  27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Attorneys for Defendant Hog Slat, Incorporated*

5