IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:14-CV-00157-FL

| | |
|---|---|
| CTB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOG SLAT, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF HOG SLAT'S MOTION TO CANCEL CTB'S FUNCTIONAL AND INVALID TRADEMARK REGISTRATIONS**

Pursuant to 15 U.S.C. § 1119 and Local Rule 7.2, Defendant Hog Slat, Inc. ("Hog Slat") respectfully submits this Memorandum of Law in Support of its Motion to Cancel CTB, Inc's ("CTB") Functional and Invalid Trade Dress Registrations. Both this Court and the Fourth Circuit found that CTB's asserted product configuration trade dress and color trade dress, embodied in U.S. Trademark Reg. Nos. 4,116,988 and 4,290,371, respectively (the "Registrations"), were each functional, invalid, and unenforceable as a matter of law. (D.E. 167, 168, 173, 174). As there is no basis for CTB to maintain these Registrations, they should be terminated.

Pursuant to 15 U.S.C. § 1119, Hog Slat's requested relief in its Motion for Summary Judgment, this Court's invalidity determination, and the reasons set forth below, Hog Slat respectfully requests this Court direct the U.S. Patent and Trademark Office cancel both Registrations. Further, there is no basis for CTB to oppose this relief and such matters may be handled by stipulation where the registrant simply surrenders the invalid registrations. CTB has

1

refused to give up its invalid trade dress Registrations necessitating this Motion. Accordingly, Hog Slat respectfully requests its attorney's fees and costs for having to bring this Motion. 28 U.S.C. § 1927.

## I. Statement of Relevant Facts

Plaintiff CTB filed suit against Defendant Hog Slat on July 30, 2014, asserting that Hog Slat's sale of its Grower Select® chicken feeders was infringing CTB's newly registered product configuration trade dress and color trade dress associated with its Model C2® feeders. (D.E. 3, CTB's Corrected Complaint.) In response, Hog Slat asserted defenses and counterclaims seeking cancellation of CTB's Registrations as being directed to functional and therefore invalid and unenforceable trade dress. (D.E. 12 at Hog Slat's Counterclaim ¶¶ 26-46.)

The Parties engaged in extensive discovery on these issues, and ultimately Hog Slat filed its Motion for Summary Judgment seeking a finding that CTB's asserted trade dress was functional and invalid, and requesting that the Registrations be cancelled. (D.E. 118; *id.* at ¶ 7.) This Court granted Hog Slat's motion and entered judgment against CTB, finding the asserted trade dress functional, invalid, and unenforceable, and dismissing CTB's claims. (D.E. 167, 168.) The Court did not address cancellation of the Registrations before the matter was appealed.

Before Hog Slat could move separately for cancellation of the Registrations, CTB filed its Notice of Appeal (D.E. 169), and the Parties moved to appellate briefing and argument before the Fourth Circuit. CTB principally argued to the Fourth Circuit that this Court improperly awarded summary judgment because disputed issues of fact remained. The Fourth Circuit panel disagreed, and unanimously affirmed this Court's summary judgment order. (Docs. 173 (opinion) & 174 (Mandate).)

The asserted product configuration trade dress and color trade dress embodied in the Registrations have been found functional and invalid as a matter of law, thus cancellation of the Registrations pursuant to 15 U.S.C. § 1119 is now proper. CTB has unreasonably refused to withdraw its invalid Registrations, thereby necessitating this briefing.

## II.    Argument

### A. Cancellation of the functional and invalid trade dress Registrations is the "best course"

District Courts are empowered to "rectify the register with respect to the registration of any party to [an] action," including ordering cancelation of invalid or otherwise unenforceable registrations that remain on the register. 15 U.S.C. § 1119; *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 155 (2015) ("district courts can cancel registrations during infringement litigation, just as they can adjudicate infringement in suits seeking judicial review of registration decisions"); *Synergistric Intern., LLC v. Korman*, 470 F.3d 162, 169 n.8, 176 (4th Cir. 2006) (affirming District Court's cancellation of infringing trademark registration pursuant to 15 U.S.C. § 1119); *PlayNation Play Systems, Inc. v. Velex Corp.*, 924 F.3d 1159, 1171 (11th Cir. 2019) (affirming district court's cancellation of trademark registration); *see also Swatch v. Beehive Wholesale, LLC*, 739 F.3d 150, 155 (4th Cir. 2014) ("The district Court has authority independent of the PTO to grant or cancel registrations . . . .") (citing 15 U.S.C. § 1071(b)(1) (dealing with appeals of TTAB decisions to district courts)). In this case, cancellation of CTB's Registrations is proper because they each "comprise[] matter that, as a whole, is functional." 15 U.S.C. § 1052(e); *accord id.* § 1064(3) (cancellation appropriate "at any time" if mark is "functional").

It is also indisputable that the Registrations comprise marks that are functional and unenforceable, as this Court so found as a matter of law. (D.E. 167.) The Fourth Circuit Court of

3

Appeals unanimously affirmed that decision. (D.E. 174.) Accordingly, cancellation of CTB's Registrations is proper. *See B & B Hardware*, 575 U.S. at 155; *Synergistric Intern.*, 470 F.3d at 176; *see also Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, No. 11-5052, 2019 WL 6728990, at *4 (D. S. Dakota Dec. 11, 2019) (collecting cases and holding that "Where . . . a registrant's asserted rights to a mark are shown to be invalid, cancellation is not merely appropriate, it is the best course") (quoting *Central Manufacturing, Inc. v. Brett*, 492 F.3d 876, 883 (7th Cir. 2007))).[1]

### B. Hog Slat is entitled to its reasonable costs and attorneys' fees incurred by CTB's refusal to consent to this Motion.

Parties are entitled to recover the "excess costs, expenses, and attorneys' fees reasonably incurred" as a result of conduct that "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *see also Collins v. Dollar Tree Stores, Inc.*, No. 2:09-CV-486, 2010 WL 9499078, at *2 (E.D. Va. May 28, 2010). The Fourth Circuit has made clear that Section 1927 "was intended to sanction conduct Rule 11 does not reach; *i.e.*, protracting or multiplying the litigation to run up the opposing party's costs, remedied by awarding excess attorneys' fees and costs." *Bakker v. Grutman*, 942 F.2d 236, 242 (4th Cir.1991). Only a finding of objective bad faith is required; the more stringent subjective bad faith finding is not necessary. *See Luna v. Guilford Cty.*, No. 1:17-CV-291, 2019 WL 1437214, at *3 n.3 (M.D.N.C. Jan. 24,

---

[1] This case is distinguishable from *OBX-Stock, Inc. v. Bicast, Inc.*, where the Fourth Circuit affirmed the district court's decision not to order cancellation of trademark registrations found to be impermissibly generic or merely descriptive without secondary meaning. 558 F.3d 334, 342 (4th Cir. 2009). There, the Fourth Circuit found no abuse of discretion in Judge Boyle's decision not to cancel the registrations because the "evidence does not conclusively establish that ***every one*** of [OBX-Stock's] trademark registrations should be cancelled," and further the defendant never filed a counterclaim for cancellation. *Id.* (emphasis added). The present case is distinct because here the Registrations are each, ***as a whole***, invalid, (D.E. 167, 168, 174), and Hog Slat counterclaimed for cancellation and identified that relief in its Motion for Summary Judgment. (*See* D.E. 12 at ¶¶ 26-46 (counterclaims for cancellation); D.E. 118 at ¶ 7 (Hog Slat's Motion for Summary Judgment).)

4

2019) (collecting cases). The recovery is compensatory in nature and should be tied to those costs and attorneys' fees necessitated by wrongful conduct needlessly multiplying proceedings. *See Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018) (affirming District Court's sanctions award under § 1927).

When the Fourth Circuit affirmed this Court's summary judgment ruling, Hog Slat's counsel reached out to CTB's counsel to seek a stipulated termination of the functional and invalid trade dress Registrations. Specifically, on May 8, 2020, Hog Slat counsel informed CTB counsel that Hog Slat intended to seek cancellation of the Registrations, and that Hog Slat could not think of any basis for them to be sustained, inviting a response and justification from CTB why they would be maintained. CTB's counsel responded by simply refusing to consent to the relief without providing any reason as to why it was withholding its consent on such a straightforward motion. Indeed, as set forth above, cancellation of the invalid trade dress is appropriate, and "the best course."

Accordingly, CTB's actions can only be characterized as a needless, unreasonable, and vexatious multiplication of proceedings that warrant an award of costs and attorneys' fees under § 1927. *See, e.g.*, *Generations Fed.*, 891 F.3d at 520 (affirming sanctions award where counsel refused to consent to a reconsideration motion and "created the need to litigate an unnecessary side issue" (quoting *Dillon v. BMO Harris Bank, N.A.*, No. 1:13-CV-897, 2016 WL 5679190, at *17 (M.D.N.C. Sept. 30, 2016)); *Sweetland v. Bank of Am. Corp.*, 241 F. App'x 92, 97 (4th Cir. 2007) (awarding attorneys' fees under § 1927 to party forced to respond to baseless summary judgment motion where counsel "knew he could not substantiate" the claim).

**CONCLUSION**

For the foregoing reasons, Hog Slat respectfully submits that the "best" and only proper course is for this Court to finally close the book on this case by cancelling the invalid Registrations, and certifying its order to the Director of the U.S. Patent and Trademark Office so that appropriate entries may be made to its records. Hog Slat also respectfully requests the opportunity to submit its reasonable costs and attorneys' fees to the Court and an Order that CTB pay Hog Slat's reasonable costs and attorneys' fees required to bring this Motion.

Dated: May 13, 2020

Respectfully submitted,

**WILLIAMS MULLEN**

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam (N.C. Bar No. 28838)
Andrew R. Shores (N.C. Bar No. 46600)
P.O. Box 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Counsel for Defendant Hog Slat, Incorporated*

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of electronic filing to the following counsel of record for the Plaintiff:

David J. Marr (Ill. Bar No. 6194750)
Eric Dorkin (Ill. Bar No. 6256390)
CLARK HILL PLLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
dmarr@clarkhill.com
edorkin@clarkhill.com

Christopher B. Clare (NC Bar No. 39582)
601 Pennsylvania Avenue NW
North Building, Suite 1000
Washington, D.C. 20004
cclare@clarkhill.com
Local Civil Rule 83.1 Counsel

*Counsel for Plaintiff CTB Inc.*

**WILLIAMS MULLEN**

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam
N.C. State Bar No. 28838
Andrew R. Shores
N.C. State Bar No. 46600
P.O. Box 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Attorneys for Defendant Hog Slat, Incorporated*